Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: drukavina@munsch.com
tberghman@munsch.com
kjaksa@munsch.com

PROPOSED COUNSEL TO THE
DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NRF USA INC., *et al.*, | § | Case No. 26-80087-mvl-11 |
| | § | |
| Debtors.[1] | § | Joint Administration Requested |

**DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, AND (II) GRANTING RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED..**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: NRF USA Inc. (2468), Trivista Oil Co., LLC (1045), and Trivista Operating LLC (8699). The location of the Debtors' service address is 2954 Cr 208 Giddings, TX 78942.

COME NOW NRF USA Inc. ("NRF"), Trivista Oil Co., LLC ("Trivista Oil"), and Trivista Operating LLC ("Trivista Operating," and together, the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Case"), and file this their *Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 30 Unsecured Creditors and Consolidated List of Creditors, and (II) Granting Related Relief* (the "Motion"), respectfully stating as follows:

## I. JURISDICTION & VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions of the United States Code, Title 11 §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtors expressly consent to such a final disposition by this Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a), 107(b)–(c), and 521 of the Bankruptcy Code, rules 1007, 2002, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1007-1(d) of the Local Rules of the U.S. Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and Section B.8(k) of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

## II. BACKGROUND

3. On October 9, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The Debtors continue to operate their business and

to manage their estates as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed.

4. The Debtors are Southeast Texas oil and gas producers. Trivista Oil owns leases comprising approximately 16,000 gross acres and 315 wells in the Taylor Sands field. Trivista Oil also owns its real property, at which its field office is located, as well as potentially other mineral interests. Trivista Operating conducts the operations at the wells. The Debtors historically produced approximately 4,0000-4,500 bbl/month. Under prior ownership, the Debtors were unable to continue operations, and by the time current management took over, the Debtors had ceased operations. Due to the lack of operations, certain landowners and royalty holders have locked out the Debtors causing the Debtors to seek relief under the Bankruptcy Code to preserve value, to enable them to raise new capital, and to benefit all of their constituents.

## III. RELIEF REQUESTED

5. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to file a consolidated list of the top 30 unsecured creditors and a consolidated list of creditors, and (ii) granting related relief.

## IV. BASIS FOR RELIEF REQUESTED

### A. Consolidated List of Top 30 Unsecured Creditors and Consolidated Creditor Matrix

6. Bankruptcy Rule 1007(a)(1) requires a debtor to file a "list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." *Id.* at 1007(a)(1). Likewise, under Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." FED. R. BANKR. P. 1007(d).

7. The Debtors request authority to file one consolidated creditor matrix, as well as, a single list of the Debtors' 30 largest general unsecured creditors (as opposed to 20 for each Debtor) because preparing separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome during a critical time of the Debtors' reorganization. Further, all creditors wherever listed will likely need to receive the same notices throughout the Bankruptcy Case due to the fact that the Debtors' bankruptcy cases are jointly administered. Accordingly, permitting the Debtors to file consolidated matrices and lists will alleviate administrative burden, costs, and duplicative service, without a negative impact on the creditors' ability to receive proper notice, or the parties-in-interests' ability to properly evaluate the Bankruptcy Case.

8. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re FCI Sand Operations, LLC*, Case No. 25-80481 (MVL) (Bankr. N.D. Tex. Aug. 12, 2025) (Docket No. 76); *In re Tuesday Morning Corp.*, Case No. 23-90001 (ELM) (Bankr. N.D. Tex. April 4, 2023) (Docket No. 747); *In re J. C. Penney Co., Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) (Docket No. 68); *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) (Docket No. 241); *In re Chinos Holdings, Inc.*, Case No. 20-32181 (Bankr. E.D. Va. May 5, 2020) (Docket No. 100); *In re PHI, Inc.*, Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) (Docket No. 72); *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) (Docket No. 70); *In re Sears Methodist Retirement Sys., Inc.*, Case No. 14-32821 (SGJ) (Bankr. N.D. Tex. June 12, 2014) (Docket No. 67); *In re Fibertower Network Servs. Corp.*, Case No. 12-44027-11 (DML) (Bankr. N.D. Tex. July 25, 2012) (Docket No. 75). Accordingly, the Debtors submit that consolidated creditors lists and matrix are typical and routine in complex cases in this District, as well as in other Districts in Texas.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

RESPECTFULLY SUBMITTED this 16th day of October, 2026.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ J. Kyle Jaksa*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: drukavina@munsch.com
E-mail: tberghman@munsch.com
E-mail: kjaksa@munsch.com

**PROPOSED COUNSEL TO THE DEBTORS**

## CERTIFICATE OF SERVICE

An omnibus Certificate of Service concerning all "first day" motions shall be separately filed by the Debtors, which shall reflect service of this Motion.

By: */s/ J. Kyle Jaksa*
J. Kyle Jaksa, Esq.