Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: drukavina@munsch.com
tberghman@munsch.com
kjaksa@munsch.com

PROPOSED COUNSEL TO THE
DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NRF USA INC., | § | Case No. 26-80087-mvl-11 |
| | § | |
| Debtor. | § | Joint Administration Requested |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TRIVISTA OIL CO., LLC, | § | Case No. 26-80088-mvl-11 |
| | § | |
| Debtor. | § | Joint Administration Requested |
| | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TRIVISTA OPERATING LLC, | § | Case No. 26-80089-mvl-11 |
| | § | |
| Debtor. | § | Joint Administration Requested |
| | § | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ AT LEAST TWO (2) BUSINESS DAYS BEFORE THE START OF THE HEARING. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE**

**DOCKET AT LEAST TWO (2) BUSINESS DAYS BEFORE THE START OF THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COME NOW NRF USA Inc. ("NRF"), Trivista Oil Co., LLC ("Trivista Oil"), and Trivista Operating LLC ("Trivista Operating," and together, the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Case"), and file this their *Motion for Entry of an Order Extending the Time to File Schedules and Statements* (the "Motion"), respectfully stating as follows:

## I. JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions of the United States Code, Title 11 §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtors expressly consent to such a final disposition by this Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. On October 9, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The Debtors continue to manage their estates as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed. The Debtors have requested for the Bankruptcy Case to be procedurally joint administered.

## II. RELIEF REQUESTED

3. The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), on a final basis (i) extending the deadline by which the Debtors

must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 19 days, for a total of 33 days from the Petition Date and (ii) granting related relief.

## III. BASIS FOR RELIEF REQUESTED

4. Bankruptcy Code § 521 and Bankruptcy Rule 1007 require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs within 14 days of their petition date. However, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for the filing of the Schedules and Statements "for cause." FED. R. BANKR. P. 1007(c) and 9006(b).

5. The Debtors submit that good and sufficient cause exists for granting an extension of time to file the Debtors' Schedules and Statements. There are three Debtors in the Bankruptcy Case. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents maintained by each of these Debtors, relating to the claims of a multitude of creditors. Given the scope of the Debtors' creditors, it will take substantial time to gather and process such information. The difficulty is compounded due to the Debtors' accounting software lapsing in March 2026, causing the Debtors to need to conduct checkbook accounting from that point forward. The Debtors have a limited number of employees with detailed knowledge of the Debtors' financial affairs and the skill to perform the necessary review and analysis of the Debtors' financial records. In light of the size and complexity of the Debtors' records, and the resulting significant amount of work required to complete the Schedules and Statements, as well as the competing demands on the Debtors' employees and professionals to

assist in critical efforts to revitalize the Debtors' business operations during the postpetition period, good and sufficient cause exists for granting the extension.

6. The requested extension also will aid the Debtors in efficiently preparing accurate Schedules and Statements, as it will allow the Debtors to account for pre- and post-petition matters and will minimize the possibility that subsequent amendments to the Schedules and Statements are necessary. As such, the extension will benefit not only the Debtors, but all creditors and other parties in interest.

7. Although the Debtors, with the assistance of their professional advisors, have begun to compile the information necessary for the Schedules and Statements, the Debtors have been consumed with a multitude of other legal, business, and administrative matters leading up to the Petition Date. Nevertheless, recognizing the importance of the Schedules and Statements in the Bankruptcy Case, the Debtors intend to complete the Schedules and Statements as quickly and as accurately as possible under the circumstances.

8. The Debtors expect that they will require at least 19 additional days to finalize the Schedules and Statements. The Debtors therefore request that the Court extend the 14-day period for an additional 19 days (making the Schedules and Statements due on or before 33 days after the Petition Date), without prejudice to the Debtors' right to request further extensions, for cause shown.

9. Further, courts in this district have previously granted similar relief. *See, e.g.*, *In re Vista Proppants and Logistics, LLC,* Case No. 20-42002 (ELM) (Bankr. N.D. Tex. Jun 12, 2020) (Docket No. 73); *In re Tuesday Morning Corp*., Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 91)*; In re The LaSalle Group, Inc.,* Case No. 19-31484 (SGJ) (Bankr. N.D. Tex. May 20, 2019) (Docket No. 93); *In re PHI, Inc.,* Case No. 19-30923 (HDH) (Bankr.

N.D. Tex. Mar. 20, 2019) (Docket No. 72); *In re SAS Healthcare, Inc.,* Case No. 19-40401 (MXM) (Bankr. N.D. Tex. Feb. 14, 2019) (Docket No. 90); *In re Erickson Incorporated,* Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) (Docket No. 50); *In re Forest Park Med. Ctr. at Southlake, LLC*, Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Feb. 2, 2016) (Docket No. 73); *In re CHC Group Ltd., et al.,* Case No. 16-31854 (Bankr. N.D. Tex. May 7, 2016) (Docket No. 54). In view of the amount of information that must be assembled and compiled, and the limited time available to do so, ample authority and cause exist for authorizing the requested extension.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter the Proposed Order (i) granting the Motion, (ii) authorizing an extension of the Debtors' deadline to file their Schedules and Statements by 19 days for a total of 33 days from the Petition Date, and (iii) granting such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 22nd day of October, 2026.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ J. Kyle Jaksa*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone: (214) 855-7500
E-mail: drukavina@munsch.com
E-mail: tberghman@munsch.com
E-mail: kjaksa@munsch.com

**PROPOSED COUNSEL TO THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 22nd day of October, 2026, true and correct copies of this documents were electronically served by the Court's CM/ECF system on parties entitled to notice thereof.

By: */s/ J. Kyle Jaksa*
J. Kyle Jaksa, Esq.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on this the 22nd day of October, 2026, I communicated with Meredyth Kippes, trial attorney for the Office of the United States Trustee, regarding the relief requested in this Motion. I received and incorporated comments from the Office of the United States Trustee but have not yet received confirmation that the United States Trustee is not opposed to such relief. However, the Debtors believe this Motion will be an uncontested matter.

By: */s/ J. Kyle Jaksa*
J. Kyle Jaksa, Esq.